IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00018-RMR

UNITED STATES OF AMERICA,

        Plaintiff,

v.

OSCAR DURON-DE LUNA,

        Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO EXCEED PAGE LIMITS**

---

        Oscar Duron-De Luna, through undersigned counsel, moves this Court to allow him to exceed the ten-page limit for his "Reply to the Government's Response to Defendant's Motion to Dismiss the Indictment" by an additional twenty-three pages, for a total of thirty-three pages (excluding the certificate of service). In support of this request, counsel states:

        1.      This Court's practice standards call for replies to not exceed ten pages, excluding the certificate of service. The Court will grant a motion to exceed the page limitation upon a "showing of good cause." That motion must also "indicate the number of pages of the proposed document and the reason why the additional pages are necessary."

        2.      Upon Mr. Duron-De Luna's request, this Court previously granted his request to exceed the page limitation for his Motion to Dismiss the Indictment in this case. Doc. #24. Mr. Duron-De Luna filed a sixty-six page motion (excluding the certificate of service) at Doc. #25 requesting that the Court dismiss the Indictment, charging a violation of 8 U.S.C. § 1326(a), because that statute was enacted with a discriminatory purpose and, therefore, violates Mr. Duron-De Luna's Constitutional right to equal protection under the law and is presumptively

unconstitutional. The government then filed, and the Court granted, a motion to exceed the Court's page limitation for its response. Docs. #26 and #27. The government filed a forty-four page response. Doc. #28.

3. In its response, the government advanced three primary arguments. First, the Court should review the illegally reentry statute at issue under a highly deferential rational basis standard because it touches on immigration, not the strict scrutiny standard required by *Arlington Heights*, 429 U.S. at 265–268 when evaluating an alleged violation of the Fifth Amendment's equal protection guarantee. *See* Doc. #28, p.7. Second, if the Court does apply *Arlington Heights*, the Court should only consider the Immigration and Nationally Act ("INA") enacted in 1952 – also known as the McCarran-Walter Act – and its subsequent reenactments/amendments, not the Undesirable Aliens Act of 1929 ("UAA"). Doc. #28, p.17. Third, the government argues that Mr. Duron-De Luna fails to show a disparate impact because he does not provide proof that the disparate impact resulted from discrimination. Doc. #28, p.20.

4. Recently, Chief Judge Philip A. Brimmer issued an order denying a request to dismiss an indictment based on identical arguments raised by the parties here. *United States v. Sanchez-Felix*, No. 21-CR-00310-PAB, 2021 WL 6125407 (D. Colo. Dec. 28, 2021). Three of Chief Judge Brimmer's findings are relevant to this motion. First, Chief Judge Brimmer found the equal protection claim advanced should be reviewed under the strict scrutiny standard required by *Arlington Heights*. *Sanchez-Felix*, 2021 WL 6125407, at *3. Second, Chief Judge Brimmer held "the illegal reentry statute disparately impacts Mexican and Latin American defendants." Id. at *4. Third, Chief Judge Brimmer found that the INA – not the UAA – should be evaluated under the *Arlington Heights* standard. *Sanchez-Felix*, 2021 WL 6125407, at *6. Because the "Court assume[d] that the [UAA] was motivated, at least in part, by racism, and that such history is of

limited relevance in reviewing the constitutionality of a provision of the INA," an evidentiary hearing was not required. Id. at *8.

5.      Based on the arguments raised by the government in its response, and Chief Judge Brimmer's order in *Sanchez-Felix*, 2021 WL 6125407, good cause exists to grant this motion to exceed the page limitations set by the Court. As will be further demonstrated in the reply, Mr. Duron-De Luna addresses each of the government's arguments raised in its response. Further, because the government argued that the Court should analyze the INA and not the UAA, and Chief Judge Brimmer found the INA was subject to review, a significant portion of the reply is dedicated to providing the Court with the evidence necessary to evaluate, not only the UAA (as detailed in the Motion To Dismiss), but also the INA and its subsequent reenactments/amendments.

6.      The facts, law, and arguments contained in the reply are critical to the Court's evaluation of Mr. Duron-De Luna's claim that § 1326 violates the Fifth Amendment's equal protection guarantee; they are crucial to the Court's ability to rule on the motion. As a result, the facts, law, and arguments contained in the reply are also critical to the effective representation of Mr. Duron-De Luna and the protection of his right to due process.

7.      Further, providing the additional facts, law, and argument contained in the reply establishes the need for an evidentiary hearing. Specifically, the reply makes a "prima facie case" of both (a) the racial animus underlying the enactment of the UAA, the INA, and the INA's subsequent reenactments/amendments, and (b) those laws have disparate impact on Latinx defendants. That is all that is required to prove a violation of the Fifth Amendment's equal protection guarantee. See *Arlington Heights*, 429 U.S. at 265–268. Accordingly, "the burden shifts to the government to show that 'the same [governmental] decision would have resulted even had

3

the impermissible purpose not been considered.'" *Sanchez-Felix*, 2021 WL 6125407, at *8 (quoting Arlington Heights, 429 U.S. at 270 n.21).

8. To adequately convey the legal basis for dismissal – including an analysis of the INA (and its subsequent reenactments/amendments) under the five *Arlington Heights* factors – requires a significant amount of relevant information that must be provided to the Court for it to rule on Mr. Duron-De Luna's Motion to Dismiss. As a result, undersigned counsel requests an additional twenty-three pages to adequately respond to the government's arguments and convey the basis for dismissal.

9. As noted in Mr. Duron-De Luna's first motion to exceed the Court's page limitation, the issues raised in the Motion to Dismiss have not yet been ruled on by the Tenth Circuit Court of Appeals. It is a novel issue that requires significant briefing to allow the parties to fully apprise the Court of the relevant information necessary to rule on the Motion to Dismiss. Accordingly, undersigned counsel requires an opportunity to get the full facts and argument before the Court to make a record, in the event either party appeals the Court's decision.

10. Counsel requires an additional twenty-three pages to adequately reply to the government's response, address the issues raised by Chief Judge Brimmer, and provide the Court with the facts, law, and argument for it to rule on the issues raised in the Motion to Dismiss. The reply will ensure there is an adequate record in the event either party appeals the Court's eventual order.

11. Undersigned counsel has conferred with counsel for the government, Al Buchman, who indicated that the government is not opposed to Mr. Duron-De Luna's request to exceed the page limitation for the reply.

Wherefore, counsel for Mr. Duron-De Luna respectfully requests permission to exceed the Court's ten-page limit for the reply by twenty-three pages – for a total of thirty-three pages (excluding the certificate of service).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


/s/ Matthew K. Belcher
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew_Belcher@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on July 1, 2022, I electronically filed the foregoing ***Defendant's Unopposed Motion for Leave to Exceed Page Limits*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Albert C. Buchman, Assistant U.S. Attorney
Email:  Al.Buchman@usdoj.gov

Brian Dunn, Assistant U.S. Attorney
Email:  Brian.Dunn@usdoj.gov

and I will serve the document or paper to the following non-CM/ECF participant in the manner indicated:

Oscar Duron-De Luna (via mail)

/s/ *Matthew K. Belcher*
MATTHEW K. BELCHER
Assistant Federal Public Defender
Office of the Federal Public Defender