*United States v. Duron-De Luna*

United States District Court
District of Colorado

Case No. 22-cr-00018-RMR

**Exhibit I**

S. Rep. No. 1515
April 20, 1950



### 5. COMMENTARY

#### a. Suggestions relating to criminal provisions

The testimony of witnesses and the comment received from field offices of the Immigration and Naturalization Service stressed certain sections of the present law, particularly those relating to illegal entry and smuggling of aliens. Most of the statements were devoted, not so much to the law itself, but to difficulties encountered in getting prosecutions and convictions, especially in the Mexican border area. It was stated that many flagrant violators of the immigration laws are not prosecuted or, if prosecuted, get off with suspended sentences or probation. Apparently, the reason for this is the fact that the aliens in most cases will be deported regardless of conviction and sentence, and the crowded conditions prevalent in most prisons and penitentiaries. On the other hand, in other sections of the country, particularly on the east coast, a number of alien smugglers were successfully prosecuted during 1949 and received appropriate sentences.

To enact legislation providing for a more severe penalty for illegal entry and smuggling, as suggested by many, would not solve the

---

[45] See p. 651.
[46] 8 CFR 160.1–160.19

problem in the opinion of the subcommittee. If prosecutions and convictions are difficult to obtain under the present statutes, to increase the penalties thereunder would make them even more difficult to obtain. Since the situation appears to be a local problem and a question of administration of present statutes rather than a legislative matter, it is believed that it should be left to the proper authorities to work out some solution.

penalty for subsequent offenses.

The provisions relating to reentry after deportation should be carried forward in one section and apply to any alien deported for any reason and provide for the same penalty.

The present perjury section should be repealed, inasmuch as aliens making false statements under oath may be prosecuted under the general perjury statute in title 18 of the Criminal Code.

The false personation provision has been reenacted in title 18 and this section should be carried forward with a few minor changes.

The prevention of unauthorized landing of aliens should be amended to provide for an administrative fine only. A criminal violation is provided for in the section relating to the unlawful bringing or harboring of aliens.

The requirement for the posting of immigration laws abroad and the penalty imposed for failure to do so has become obsolete and should be repealed.