IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 22-cr-00018-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  OSCAR DURON-DELUNA,

    Defendant.

---

### MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

---

The United States of America, by and through Cole Finegan, United States Attorney for the District of Colorado, and Albert Buchman, Assistant United States Attorney, hereby moves for a 30-day exclusion of time under the Speedy Trial Act. The government conferred with defense counsel, who cannot take a position as he is unable to consult the defendant prior to the filing of this necessary motion.

### MISTAKEN SPEEDY CALCULATION AND CORRECT CALCULATION

On February 11, 2022, both the initial appearance and arraignment were held simultaneously, and the incitement was unsealed. That same day, United States Magistrate Judge Crews calculated the relevant speedy trial periods, indicating that the 70-day trial clock pursuant to 18 U.S.C. § 3161(d)(2) was set to expire on May 12, 2022. ECF 11, p. 7. This calculation was unfortunately in error. Until discovery, the parties relied on that calculation, and the Court appeared to consider it in scheduling the first trial date. *See* ECF No. 12 (trial date set two days before the May 12, 2022, expiration date).

In June, defense counsel discovered the error and immediately conferred with the

government on the correct speedy trial calculation. From that conversation, the parties believe the correct initial calculation of the 70-day speedy trial expiration should have been and is April 25, 2022. Defense counsel alerted the Court by email to the correct speedy calculation on June 8, 2022. Exhibit 1.

The April 25, 2022, expiration date is correct the correct 70-day expiration date by operation of Fed. R. Crim. P. 45, which provides method for computing time periods. *See United States v. Bruckman*, 874 F.2d 57, 62 (1st Cir. 1989) (applying Rule 45 to calculate speedy trial); *Bramlett v. United States*, 405 Fed. Appx. 363, 367 (11th Cir. 2010) (unpublished) (same); *United States v. Wright*, 990 F.2d 147, 149 (4th Cir. 1993) (same); *United States v. Vickerage*, 924 F.2d 143, 147 (8th Cir. 1990) (same); *but see United States v. Daychild*, 357 F.3d 1084, 1092 (9th Cir. 2004) (not applying Rule 45 but other authority to exclude triggering events in a speedy calculation). The date of the initial appearance itself is excluded from the 70-day period per Rule 45(a)(1)(A). Seventy days from the following day, February 12, 2022, which commenced the 70-day clock, thus ended on April 23, 2022. Because that day was a Saturday, the 70-day period continued "to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Rule 45(a)(1)(C); *Wright*, 990 F.2d at 149; *Vickerage*, 921 F.2d at 147. Accordingly, the initial 70-day period should have expired on April 25, 2022, not May 12, 2022.

The original notice of disposition was filed on April 22, 2022,[1] *see* ECF No. 16,

---

[1] The government notes that the parties worked in good faith toward a disposition, which prompted the original notice of disposition, but new information discovered while drafting plea paperwork made a disposition no longer tenable.

which stopped the clock and left four days remaining to the April 25th expiration date.[2] 18 U.S.C. § 3161(h)(1)(D); *see also* JUDGE RODRIGUEZ PRACTICE STANDARDS, CRIMINAL ACTIONS, Section V.I. That notice date was itself a triggering date and similarly excluded. Rule 45(a)(1)(A); *see also United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984) ("in calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded"); *Daychild*, 357 F.3d at 1093).

The notice of disposition was ultimately ordered withdrawn on June 13, 2021, *see* ECF No. 21. That day would have started the clock again on the following day, but Defendant filed his "Unopposed Motion for Leave to File Excess Pages" on June 14, 2021, *see* ECF 23, which once again stopped the clock pursuant to 18 U.S.C. § 3161(h)(1)(D). Both dates are excluded as triggering events. Rule 45(a)(1)(A); *see also Yunis*, 723 F.2d at 797. Numerous motions and orders followed, which continued to toll the clock until the Court's ultimate order on October 3, 2022, ECF. No. 39.

Accordingly, by the government's analysis, four-days remained on the speedy trial clock, which commenced on October 4, 2022, making October 8, 2022, the final day of speedy. This expiration date necessitates this motion.

## LEGAL AUTHORITY

The Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174 provides, in

---

[2]   Defense counsel in his June 8, 2022, email indicated only three days remained, which would make tomorrow, October 7, 2022, the final day of speedy. *See* Exhibit 1. If his calculation is correct, this motion under 18 U.S.C. § 3161(h)(7)(A) is even more justified.

relevant part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 .S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). The Speedy Trial Act requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). The basis for this motion is one such period of delay. *See* § 3161(h)(7)(A); *see also Hill*, 197 F.3d at 440-41.

Certain prerequisites must be satisfied before a continuance can qualify as an excludable "ends-of-justice" continuance under § 3161(h)(7)(A). First, the Court must consider the quadripartite factors in section 3161(h)(7)(B):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

    preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv). After considering these factors, the Court must then set forth, "in the record of the case, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

## ARGUMENT

In light of the Court's Order on October 3, 2022, ECF No. 39, the government understands that defendant may wish to plead guilty without the benefit of a plea agreement. In his June 8, 2022 email, defense counsel indicated that "if the Court denies the [equal protection dismissal] motion, Mr. Duron-De Luna plans to plead guilty to the one-count Indictment without the benefit of a plea agreement." Exhibit 1. That decision may not have been made yet, as no notice of disposition has been filed since October 3rd. The government appreciates that defense counsel may still need to confer with the defendant on whether his plan in June remains the same or other options are available.

5

In the event that the defendant no longer wishes to plead guilty, however, a trial date would need to be set and the government would require reasonable time to prepare for that trial, comply with this Court's trial practice standards, and confer with defense counsel on exhibits, witness lists, and jury instructions. Given that the speedy clock ends shortly, the government cannot effectively prepare before the expiration. Notably, while this case involves many local witnesses, who need still require notice and coordination of schedules, the government may also need to call out-of-state witnesses testify to Defendant's prior removal and authenticate records of that removal. A 30-day continuance and a trial date within that excluded time provides reasonable and sufficient time for the government to prepare for effective preparation and coordinate witnesses. 18 U.S.C. § 1361(7)(B)(iv); *see also United States v. Toombs*, 574 F.3d 1262, 1271 (10th Cir. 2009). Absent the continuance, continuation of this proceeding is impossible. 18 U.S.C. § 1361(7)(B)(i).

As required by 18 U.S.C. § 3161(h)(7)(C), the Court may not predicate its ruling on congestion of the court's calendar or lack of diligent preparation by counsel, neither of which are present in this case. Moreover, the teachings of relevant case law, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); *United States v. Loughrin*, 2013 WL 856577 (10th Cir. 2013); *United States v. Watson*, 766 F.3d 1219 (10th Cir. 2014); *United States v. Margheim*, 2014 WL 5462332 (10th Cir. 2014); *Bloate v. United States*, 599 U.S. 130 (2010); and *United States v. Tinklenberg*, 563 U.S. 647 (2011), support the government's motion and give the Court ample grounds to grant the Motion.

The totality of relevant circumstances here, including the initial miscalculation of speedy trial period on which the parties on detrimentally relied, gives rise to the conclusion that the failure to exclude an additional 30 days from the time for a speedy trial would deprive counsel for the government the time reasonably necessary for effective pretrial trial preparation with the concomitant risk of dismissal and a miscarriage of justice. 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv). The ends of justice by excluding an additional 30 days from the time otherwise for a speedy trial outweigh the best interests of the public and the defendant in a speedy trial as defined by 18 U.S.C. § 3161(c). *Id.* § 3161(h)(7)(A).

WHEREFORE, the government respectfully requests the Court grant its motion to exclude 30-days from the speedy trial computation.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0405
E-mail: albert.buchman@usdoj.gov
Attorney for the government

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

By: *s/ Stephanie Price*
STEPHANIE PRICE
Legal Assistant
United States Attorney's Office