IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 22-cr-00018-RMR

UNITED STATES OF AMERICA,

       Plaintiff,

v.

OSCAR DURON-DE LUNA,

       Defendant.

---

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT [DOC. #40]**

---

Defendant Oscar Duron-De Luna, through undersigned counsel, and pursuant to this Court's Order [Docs. #41 and #42], submits the following Response to the Government's Motion for Exclusion of Time Under the Speedy Trial Act [Doc. #40].

### I.    Defendant's Position as to an Ends of Justice Continuance:

Mr. Duron-De Luna opposes the government's request for an Ends of Justice continuance. As will be shown in more detail below, it is Mr. Duron-De Luna's position that Speedy Trial ran as of September 20, 2022. As such, pursuant to 18 U.S.C. § 3162(a)(2), the Indictment must be dismissed upon motion of the defendant. A post-hoc request for an Ends of Justice continuance cannot cure this deficiency. As such, Mr. Duron-De Luna opposes the requested continuance.

### II.    The Government's Speedy Trial Calculation Is Wrong:

In its Motion for Exclusion of Time Under the Speedy Trial Act [Doc. #40], the government calculates a Speedy Trial date of October 8, 2022. This date, however, overlooks the maximum amount of time that can be excluded under the statute when a pretrial motion is under

advisement. Specifically, pursuant to 18 U.S.C. § 3161(h)(1)(H), "a delay reasonably attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement by the court" shall be excluded when computing the time within which the trial must commence.

The Tenth Circuit has "explained that 'if a motion is one that does not require a hearing, the Act excludes time through the period of its prompt disposition, but only if that period does not exceed thirty days from the date the motion is taken under advisement.'" *United States v. Margheim*, 770 F.3d 1312, 1318 (10th Cir. 2014) (quoting *United States v. Williams*, 511 F.3d 1044, 1048 (10th Cir. 2007)). In other words, "[i]f under advisement, the maximum excludable delay for the court's determination is 30 days." Id. at 1322 (quoting *United States v. Willie*, 941 F.2d 1384, 1387 (10th Cir. 1991) (emphasis in original)).

Given this, the specific dispute Mr. Duron-De Luna has with the Government's Speedy Trial calculation is the belief that the Speedy Trial Clock was tolled from the date undersigned counsel filed the Motion to Dismiss the Indictment, June 15, 2022, up until the Court denied the motion on October 3, 2022. Because the Court vacated the Evidentiary Hearing on August 16, 2022, and thereby took the Motion to Dismiss the Indictment under advisement, the Speedy Trial Clock actually began running again 30 days later, on September 17, 2022. And, with only four days left on the clock to begin with, Speedy Trial ran as of September 20, 2022.

**III.    The Defendant's Speedy Trial Calculation:**

Pursuant to 18 U.S.C. § 3161(c)(1), Mr. Duron-De Luna's trial must commence within seventy days from the date that he initially appeared before a judicial officer of the court in which the charge is pending. For Mr. Duron-De Luna, this was his Initial Appearance on February 11, 2022. This would have placed Mr. Duron-De Luna's original 70-day date on April 25, 2022.

However, subsequent to Mr. Duron-De Luna's Initial Appearance, several periods of delay occurred, excludable under 18 U.S.C. § 3161(h), which pushed back the date on which Mr. Duron-De Luna's trial must commence:

1. On April 22, 2022, undersigned counsel filed a Notice of Disposition with the Court. Pursuant to 18 U.S.C. § 3161(h)(1)(G), the filing of the Notice of Disposition tolled the Speedy Trial Clock.

2. On June 13, 2022, the Court allowed Mr. Duron-De Luna to withdraw his Notice of Disposition. Accordingly, pursuant to Federal Rules of Criminal Procedure 45(a)(1)(A), which instructs to exclude the day of the event that triggers the period, the Speedy Trial Clock was set to begin anew on June 14, 2022.

3. However, on June 14, 2022, undersigned counsel filed a pretrial motion requesting the Court's leave to exceed the Court's page limitations pertaining to pretrial motions. Pursuant to 18 U.S.C. § 3161(h)(1)(D), this again tolled the Speedy Trial Clock.

4. On June 15, 2022, undersigned counsel filed an additional pretrial motion with the Court, seeking the dismissal of the pending Indictment. Pursuant to 18 U.S.C. § 3161(1)(h)(D), this pretrial motion further tolled the Speedy Trial Clock.

5. Subsequently, the Government filed its Response to the Motion to Dismiss the Indictment on June 27, 2022. Then, on July 1, 2022, undersigned counsel filed a Reply to the Government's Response. The entirety of this time was excludable under 18 U.S.C. § 3161(h)(1)(D).

6. On July 26, 2022, the Court issued an Order requesting supplemental briefing and also scheduled an Evidentiary Hearing for August 24, 2022. Pursuant to 18 U.S.C. § 3161(h)(1)(D), this time was excludable as well. "Delay resulting from the filing of a pretrial motion, from the filing of the motion through the conclusion of the hearing on…"

7. On August 5, 2022, the Government filed its Supplemental Brief.

8. On August 12, 2022, undersigned counsel filed his Supplemental Brief.

9. On August 16, 2022, the Court vacated the Evidentiary Hearing and took the Defendant's Motion to Dismiss the Indictment under advisement. Accordingly, pursuant to 18 U.S.C. § 3161(h)(1)(H), "delay attributable to any period, *not to exceed thirty days*, during which any proceeding concerning the defendant is actually under advisement by the court," may be excluded when computing the time within which the trial must commence.

10. Excluding 30 days from August 17, 2022, the Speedy Trial Clock began running again on September 17, 2022. With only four days remaining, this means that the Speedy Trial Clock ran out on September 20, 2022.

**IV.    Conclusion:**

Pursuant to the Court's Orders (Docs. #41 and #42), Mr. Duron-De Luna, through undersigned counsel, (1) notes his objection to the Government's Motion for Exclusion of Time Under the Speedy Trial Act (Doc. #40), and (2) further notes his objection to the Government's Speedy Trial calculation contained therein. Specifically, as fully briefed above, Mr. Duron-De Luna asserts that Speedy Trial has actually ran, as of September 20, 2022, and a post-hoc request for exclusion of time cannot cure such a deficiency.

Undersigned counsel has scheduled a legal visit with Mr. Duron-De Luna, along with a Spanish interpreter, for this afternoon at the Federal Detention Center. Assuming Mr. Duron-De Luna does not wish to waive his statutory rights under the Speedy Trial Act, a Motion to Dismiss the Indictment pursuant to 18 U.S.C. § 3162(a)(2) will be filed with this Court by October 18, 2022.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*/s/ Matthew K. Belcher*
MATTHEW K. BELCHER
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: Matthew_Belcher@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that on October 14, 2022, I electronically filed the foregoing ***Defendant's Response to Government's Motion for Exclusion of Time Under the Speedy Trial Act [Doc. #40]*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email address:

    Albert C. Buchman, Assistant U.S. Attorney
    Email:  al.buchman@usdoj.gov

and I will serve the document or paper to the following non-CM/ECF participant in the manner indicated:

    Oscar Duron-De Luna (via mail)

                                                  */s/ Matthew K. Belcher*
                                                  MATTHEW K. BELCHER
                                                  Assistant Federal Public Defender
                                                  Office of the Federal Public Defender